CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 0 4 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CONCORDIA PHARMACEUTICALS, INC., )
                                                )   Civil Action No. 3:14CV00016
    Plaintiff,                      )
                                                )   **MEMORANDUM OPINION**
v.                                       )
                                                )   Hon. Glen E. Conrad
METHOD PHARMACEUTICALS, LLC, et al.,  )   Chief United States District Judge
                                                )
    Defendants.               )

This case is presently before the court on the plaintiff's motion for a trial by jury, filed pursuant to Rule 39(b) of the Federal Rules of Civil Procedure. For the following reasons, the court will grant the plaintiff's motion.

## Background

Former plaintiff PBM Pharmaceuticals, Inc. ("PBM") filed this action on April 29, 2014, asserting claims of false advertising and unfair competition under the Lanham Act and related claims under state law. One week later, PBM sought a preliminary injunction against defendant Method Pharmaceuticals, LLC ("Method"). On June 2, 2014, PBM filed an amended complaint that added Concordia Pharmaceuticals, Inc. ("Concordia") as a plaintiff. The plaintiffs then amended their complaint to name as additional defendants Winder Laboratories, LLC ("Winder"), Matthew Tucker, and Steven Pressman.

Following two motions to dismiss by Method, the plaintiffs filed a third amended complaint on February 2, 2015, which constitutes the operative complaint in this case. Method filed an answer to the third amended complaint on February 27, 2015. Tucker filed his answer on April 2, 2015. On July 1, 2015, Winder and Pressman were dismissed from the case for lack of personal jurisdiction.

On July 2, 2015, PBM was dismissed from the case upon the joint request of the parties. Accordingly, Concordia is the sole remaining plaintiff, and Method and Tucker are the sole remaining defendants.

The case is set for trial beginning on January 19, 2016. Concordia has filed a motion for a trial by jury. The motion has been fully briefed and is ripe for review.*

## Discussion

Neither Concordia nor any of the defendants made a jury demand within the time prescribed by Rule 38(b) of the Federal Rules of Civil Procedure. Nonetheless, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "[T]he decision to grant a jury trial pursuant to Rule 39(b) is committed to the discretion of the trial court." Malbon v. Pa. Millers Mut. Ins. Co., 636 F.2d 936, 940 (4th Cir. 1980). In exercising this discretion, the court may consider several relevant factors, including:

> (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); [and] (4) any effect a jury trial would have on the court's docket and the orderly administration of justice.

Id. at n.11 (internal citations omitted).

Having considered these factors, the court is of the opinion that a jury trial is warranted in the instant case. First, Concordia's claims under the Lanham Act involve factual issues that are suitable for a jury to resolve. While the claims are based on representations regarding the regulatory status of certain pharmaceutical products, and the products' equivalence to Concordia's pharmaceutical products, the court is of the opinion that the claims are not so complex that a jury would be incapable

---

* Neither side requested oral argument. The court is of the opinion that it would not aid the decisional process.

2

of understanding them. See DeWitt v. Hutchins, 309 F. Supp. 2d 743, 755 (M.D.N.C. 2004) (finding that the plaintiff's Lanham Act claims did "not present issues so complex as to make jury resolution difficult"); see also Lawrence v. Hanson, 197 F. Supp. 2d 533, 537 (W.D. Va. 2002) (emphasizing that "[t]his court generally places substantial faith in the ability of juries to resolve complex issues").

Additionally, the court is unable to find that granting Concordia's motion for a jury trial would significantly prejudice the defendants, or that the timing of the motion warrants denying it. At the time the motion for a jury trial was filed, the defendants still had seven weeks to conduct discovery and more than four months to prepare for trial. See Smith v. Estes Express, No. 3:08CV574, 2009 U.S. Dist. LEXIS 10684, at *5 (E.D. Va. Feb. 12, 2009) (noting that it was not correct to characterize the plaintiff's Rule 39(b) motion as "late in the proceedings," even though a "significant amount of time" had passed from the filing of the action and the Rule 38(b) deadline, since the trial was not scheduled to begin until "approximately five months after the filing of [the plaintiff's] motion"). Although the defendants indicate that they had already deposed certain witnesses by the time Concordia moved for a jury trial, the defendants fail to explain how these particular depositions would have been conducted differently if they had known that Concordia's claims would be presented to a jury for consideration. See Yongxin Lu v. Johnson, No. CBD 06-1105, 2010 U.S. Dist. LEXIS 14577, at *9 (D. Md. Feb. 19, 2010) ("Defendants contend that their legal strategy was developed with a bench trial in mind. While probably true, this Court does not envision a vast distinction in approach in light of the heavy dose of factual issues."); see also Fid. & Deposit Co. v. A-Mac Sales & Builders Co., No. 04-72643, 2006 U.S. Dist. LEXIS 9228, at *6 (E.D. Mich. Dec. 21, 2006) (noting that the court was "unfamiliar with the concept of . . . how discovery would have been conducted differently for a bench trial than a jury trial," and that it was "unsure why [the opposing party] would prepare differently for trial before a jury than before the bench").

3

Finally, the court is of the opinion that a jury trial would not be substantially more burdensome than a bench trial. "While a jury trial may at times strain the court's docket, the manner in which it benefits the effective administration of justice far outweighs the scheduling difficulties it can cause." Lawrence, 197 F. Supp. 2d at 537.

For these reasons, the court will grant Concordia's motion for a jury trial. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 4th day of November, 2015.

_____
Chief United States District Judge