IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| CONCORDIA PHARMACEUTICALS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| METHOD PHARMACEUTICALS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

Civil Action No. 3:14CV00016

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
United States District Judge

This case is presently before the court on the bill of costs filed by the plaintiff, Concordia Pharmaceuticals, Inc. ("Concordia"), pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will award Concordia costs in the amount of $15,377.59.

**Procedural History**

Concordia prevailed before a jury on its claim that defendants Method Pharmaceuticals, LLC and Matthew Scott Tucker (collectively, "Method") engaged in false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). The jury awarded Concordia $733,200.00 in actual or compensatory damages. On March 2, 2017, the court granted Concordia's motion for enhanced damages. The court exercised its discretion to treble the jury's damages award. See 15 U.S.C. § 1117(a).

Concordia also sought to recover its litigation costs. See id. (providing that a prevailing plaintiff is entitled to recover "the costs of the action"). On March 2, 2017, the court denied the motion for litigation costs without prejudice, because Concordia did not request a specific amount

of costs or submit any evidence in support of the request. Concordia was given thirty days in which to file a bill of costs along with supporting documentation.

The case is now before the court on Concordia's request for an award of costs in the amount of $17,007.69. The time to respond to the bill of costs has expired, and Method has not filed any opposition. The matter is ripe for review.

### Summary of the Applicable Law

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." Williams v. Metro Life Ins. Co., 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). Although the court has the discretion to deny an award of costs, it must "articulat[e] some good reason for doing so," in order to "overcome the presumption." Id. (internal citation and quotation marks omitted).

The particular expenses that may be taxed as costs under Rule 54(d)(1) are set forth in 28 U.S.C. § 1920. That statute provides, in pertinent part, as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## Discussion

In this case, the particular costs at issue include: (1) $13,428.52 in transcript and videography fees; (2) $3,006.97 in witness fees and travel expenses; and (3) $552.20 in printing and copying fees. The court will address each category in turn.

### A.   Transcript and videography fees

The first category of expenses consists of $13,428.52 in fees paid for obtaining deposition transcripts, video recordings of depositions, and a daily trial transcript.

Section 1920 allows a court to tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The cost of a deposition transcript is generally recoverable if it is "reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). In this case, the court agrees that all of the depositions at issue were reasonably necessary to the litigation at the time they were taken. Likewise, in this particular case, the court is of the opinion that the transcript of the trial testimony of Matthew Scott Tucker and Christopher Boone was necessarily obtained for use in the case. Accordingly, the plaintiff will be awarded the fees paid for the deposition and trial transcripts.

On the other hand, the court declines to tax the cost of ordering video recordings of certain depositions, specifically the depositions of Tucker and William Fassett, who testified in person at trial, and the depositions of Ashlee Rodden and John Wills, who were not called as witnesses. Concordia obtained the written transcripts of the depositions, and it has failed to demonstrate that video recordings of these particular depositions were also necessary. Consequently, Concordia's bill of costs will be reduced by $1,415.00.

### B. Witness fees and travel expenses

The pending bill of costs also includes $3,006.97 in witness fees and travel expenses. A prevailing party may recover fees for witnesses under 28 U.S.C. § 1920(3). Available expenses include attendance, travel, and subsistence fees, as specified in 28 U.S.C. § 1821.

In this case, Concordia seeks to recover attendance fees and travel expenses incurred for four of its witnesses, each of whom was required to stay overnight at a hotel in Charlottesville, Virginia. Additionally, two of the witnesses, who provided expert testimony, traveled by air from Mississippi and Texas. The court is of the opinion that all four witnesses were reasonably necessary and that their applicable fees and expenses were properly documented by Concordia. Accordingly, the witness fees and travel expenses are appropriately taxed under § 1920(3).

### C. Printing and copying expenses

The final category of requested expenses includes $552.20 for copies produced in-house at a cost of $0.10 per page. Pursuant to 28 U.S.C. § 1920(4), the court may tax fees for "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). While taxable expenses include copies "submitted to the court and provided to opposing counsel," copies made for a party's own convenience are not allowed. Kennedy v. Joy Techs., Inc., 484 F. Supp. 2d 502, 505 (W.D. Va. 2007) (Jones, J.); see also Webb v. Kroger Ltd. P'ship I, No. 7:16-CV-00036, 2017 U.S. Dist. LEXIS 94775, at *12, 2017 WL 2651721, at *5 (W.D. Va. June 19, 2017) (Urbanski, J.); Schwarz & Schwarz of Va., LLC v. Certain Underwriters at Lloyd's, No. 6:07-CV-00042, 2010 U.S. Dist. LEXIS 10753, at *28, 2010 WL 452743, at *9 (W.D. Va. Feb. 8, 2010) (Moon, J.).

Here, the itemized list of copying expenses includes costs associated with printing copies of Concordia's trial exhibits for its own use at trial. Consistent with the foregoing decisions, the court declines to tax the cost of these copies, totaling $215.10, against Method. However, the

costs of the remaining paper copies, which were provided to the court and opposing counsel, will be awarded to Concordia.

## Conclusion

In accordance with the rulings set forth above, the court will grant in part and deny in part Concordia's request for an award of costs. Litigation costs in the amount of $15,377.59 will be taxed against Method.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 19th day of July, 2017.

_/s/ Glen E. Conrad_
United States District Judge