CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CONCORDIA PHARMACEUTICALS, INC., | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 3:14CV00016 |
| v. | ) **MEMORANDUM OPINION** ) ) By: Hon. Glen E. Conrad |
| METHOD PHARMACEUTICALS, LLC, et al., | ) United States District Judge ) ) |
| Defendants. | ) |

Concordia Pharmaceuticals, Inc. ("Concordia") prevailed before a jury on its claim that defendants Method Pharmaceuticals, LLC and Matthew Scott Tucker (collectively, "Method") engaged in false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). The jury awarded Concordia $733,200.00 in actual or compensatory damages. On March 2, 2017, the court issued an opinion and order granting Concordia's motion for enhanced damages, denying its request for prejudgment interest, and denying its motion for attorneys' fees. The court exercised its discretion to treble the jury's damages award under 15 U.S.C. § 1117(a). The court determined that an award of treble damages was necessary to fairly and adequately compensate Concordia for the adverse effects of Method's actions. Method has moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The court held a hearing on the motion via conference call on June 9, 2017. For the reasons that follow, the motion will be denied.

"A Rule 59(e) motion may be granted only in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for

Stock Car Auto Racing, 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id. The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (citation and internal quotation marks omitted).

Applying these principles, the court concludes that Method is not entitled to relief under Rule 59(e). In reaching its decision on Concordia's motion for enhanced damages, the court carefully considered each of the factors set forth by the United States Court of Appeals for the Fourth Circuit in Synergistic International, LLC v. Korman, 470 F.3d 162, 175 (4th Cir. 2006). The court ultimately determined that the majority of those factors weighed in favor of enhancing the damages awarded to Concordia. Method does not identify any clear error in the court's analysis. Although Method disagrees with the court's decision and devotes much of its briefing to rearguing its position that the Synergistic factors weigh against an enhancement, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

For the same reasons, the court must reject Method's argument that an award of treble damages is excessively punitive. After thoroughly reviewing the testimony and evidence presented at trial, the court ultimately found it appropriate to treble the amount of damages awarded by the jury in order to fairly and adequately compensate Concordia for the adverse effects of Method's false advertising. See 15 U.S.C. § 1117(a) (authorizing the court to award up to three times the amount found as actual damages, but instructing that such an award "shall constitute compensation and not a penalty"); see also Badger Meter, Inc. v. Grinnell Corp., 13

F.3d 1145, 1157 (7th Cir. 1994) (explaining that "because plaintiffs' lost profits are notoriously difficult to prove," section 1117(a) permits a district court to "award up to three times the damages plaintiff can actually prove" in order to "approximate a fair recovery for the plaintiff"). The court carefully considered whether an award of treble damages would constitute an impermissible penalty and ultimately concluded that it would not. See Concordia Pharms., Inc. v. Method Pharms., LLC, No. 3:14CV00016, 2017 U.S. Dist. LEXIS 29342, at *20, 2017 WL 837688, at *6 (W.D. Va. Mar. 2, 2017) ("The court believes that this enhanced award is necessary to fairly and adequately compensate Concordia for the adverse effects of the defendants' misconduct, and that it does not constitute an impermissible 'penalty.'") (quoting 15 U.S.C. § 1117(a)). While Method obviously disagrees with the court's conclusion, Method has failed to establish that it was the product of clear error or a manifestly unjust application of law. Accordingly, relief is not authorized under Rule 59(e).[*]

For the reasons stated, Method's motion to alter or amend the judgment will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This ___ day of July, 2017.

_____
United States District Judge

---

[*] In its initial brief in support of the pending motion, Method also injected a new public policy argument that was not previously presented. This new argument, which Method chose not to pursue at the recent hearing, also provides no basis for relief under Rule 59(e). See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 404 (4th Cir. 1998) (emphasizing that "Rule 59(e) may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment").